**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:12CV-P14-C**

**ROBERT CECIL, JR.**                                                    **PETITIONER**

v.

**COOKIE CREWS, WARDEN**                                      **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

     Unrepresented by counsel, the petitioner, Robert Cecil, Jr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to hold the petition in abeyance. For the reasons that follow, the court will deny the motion and will direct the respondent to file an answer to the petition.

***Motion to hold the petition in abeyance***

     The petitioner raises two grounds for habeas relief. First, he claims that he was denied his Sixth Amendment right to effective assistance of counsel, right to present a defense, and right to compulsory process and his Fourteenth Amendment right to due process when counsel failed to present exculpatory evidence in the form of the testimony of John Carr to support his version of events. Second, he claims that he was denied his Sixth Amendment right to effective assistance of counsel and right to present a defense and his Fourteenth Amendment right to due process when counsel failed to obtain a defense expert and failed to object to improper opinion testimony from the examining physician and the Kentucky State

Police laboratory analysis. The petitioner indicates that both grounds have been completely exhausted through the Kentucky Supreme Court.

In the motion to hold the petition in abeyance, the petitioner reports that during the state-court, post-conviction proceedings, the Kentucky Innocence Project took an interest in his claim of actual innocence. He states that on or about September 5, 2011, an attorney was assigned by the Kentucky Innocence Project to investigate the claim; on October 11, 2011, two attorneys met with him and discussed his case; on October 21, 2011, one of the attorneys wrote him a letter advising that the Kentucky Innocence Project is actively investigating his claim of innocence and has appointed two additional investigators to his case; and on November 4, 2011, one of the attorneys sent him a letter advising that it was going to take time to investigate his case. The petitioner reports that at the time he filed his habeas petition, 37 days were left on the one-year limitation period under 28 U.S.C. § 2244(d). The petitioner argues that the statute of limitations will run before completion of the Kentucky Innocence Project's investigation into the actual innocence claim. "Without confining or restricting the Kentucky Innocence Project's investigation and potential claim, [the petitioner] posits that any claim will certainly involve his actual innocence and will be presented within Kentucky's post-conviction CR 60.02 rule." He therefore asks that his petition be held in abeyance pending resolution of his actual innocence claim in the state courts by the Kentucky Innocence Project.

2

A federal court may not grant federal habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

"[A] district court must dismiss [] 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A mixed petition is a petition that contains both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and its one-year statute of limitations, and in recognition of the "interplay between AEDPA's 1-year statute of limitations and

---

[1]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Lundy*'s dismissal requirement," *Id.* at 275, a stay-and-abeyance procedure was authorized, but "only in limited circumstances." *Id.* at 277. In particular, a district court may stay a mixed petition and hold the action in abeyance if there is "good cause" for the petitioner's failure to exhaust, if the unexhausted claims are not "plainly meritless," and if "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

A stay is not proper in this case as the petitioner has not filed a mixed petition. He raises only two exhausted grounds for relief in his petition; his claim of actual innocence is not raised in his petition. *See, e.g.*, *Fogg v. Carroll*, No. 03-558-KAJ, 2005 WL 2077196, at *2 (D. Del. Aug. 26, 2005) (denying stay because "Fogg has not presented the Court with a mixed petition; all of the claims contained in his petition are exhausted. Fogg requests a stay in order to have time to retain new counsel and assert a new claim of actual innocence . . . ."). Moreover, the Kentucky Innocence Project is only *investigating* this claim, not presenting it to the state court for review. *See, e.g.*, *Hopings v. Kelly*, No. 3:08cv2202, 2009 WL 484059, at *1 (N.D. Ohio Feb. 25, 2009) ("Hopings does not ask the Court to allow him to exhaust an unexhausted claim. Rather, he asks the Court to allow him to pursue new claims–that are not before the Court–in new state proceedings.").

For these reasons, **IT IS ORDERED** that the motion to hold the petition in abeyance (DN 3) is **DENIED**.

### *Habeas petition*

On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[2] **IT IS ORDERED** as follows:

(1)  The clerk of court shall effect service of the § 2254 petition on the respondent and the Attorney General for the Commonwealth of Kentucky.

(2)  The respondent shall file an answer herein within **40 days** from the date of entry of this order.  Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, "The answer must address the allegations in the petition.  In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations."  The respondent also shall *electronically* file[3] portions of the state-court record pertinent to the issues raised in the petition and answer, including but not limited to exhibits, docket sheets, transcripts, and pleadings.

(3)  The petitioner may file a reply no later than **14 days** following service of the respondent's answer.

---

[2]Rule 4 provides that unless "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, . . . . the judge must order the respondent to file an answer, motion, or other response. . . ."

[3]*See* Joint General Order Numbers 05-03 & 06-01 (mandating that all pleadings or documents filed with the court must be filed using the Electronic Case Filing System (ECF System)).  Requests to file documents via compact disc or other storage media should only be made in exceptional circumstances.

(4) This matter is **referred to Magistrate Judge James D. Moyer** pursuant to 28 U.S.C. §§ 636(b)(1)(A) & (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter.

The clerk of court is **DIRECTED** to mail a copy of this order to the petitioner, the respondent, and the Attorney General for the Commonwealth of Kentucky. The clerk of court is further **DIRECTED** to mail the petitioner a copy of the *Pro Se Prisoner Handbook*.

Signed on  August 16, 2012

**Jennifer B. Coffman, Judge**
**United States District Court**